| | |
|---|---|
| 1 | Stanley R. Apps, Esq. (SBN 309425) Law Offices of Robert S. Gitmeid, P.C. 4424 Bellingham Avenue Studio City, CA 91604 Tel: (310) 709-3966 Email: stanley.a@gitmeidlaw.com |

*Attorney for Plaintiff Karen Abigail L Tungol*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| KAREN ABEGAIL L TUNGOL,<br><br>               Plaintiff,<br><br>   v.<br><br>THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION and JPMORGAN CHASE BANK, N.A.,<br><br>               Defendant(s). | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FOR BREACH OF CONTRACT**

The Plaintiff, Karen Abegail L Tungol (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid, P.C. ("Gitmeid"), hereby brings this civil action against Defendants The Moore Law Group, a Professional Corporation ("Moore") and JPMorgan Chase Bank, N.A. ("Chase"), (together, "Defendants"), and further alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), CA CIVIL § 1788, et seq., and for breach of contract. The FDCPA prohibits debt collectors and debt buyers from engaging in abusive, deceptive, and unfair collection practices. The Rosenthal Act prohibits debt collectors and creditors from engaging in unfair or deceptive acts or practices in the collection of consumer debts within the jurisdiction of the State of California.

**PARTIES**

2. Plaintiff is an adult citizen of the city of Fontana, located in San Bernardino County, California.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Moore is a professional corporation formed under the laws of the State of California, with its principal place of business located at 3710 S. Susan St., Ste 210, Santa Ana, CA 92704.

5. Defendant Chase is a national banking association that conducts business in California and whose main office address is located at 1111 Polaris Pkwy, Columbus, OH 43240.

6. Defendant Moore is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for the state law causes of action set forth herein, under 28 U.S.C. § 1367, because the state law claims set forth herein are so related to the federal

COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL ACT, AND BREACH OF CONTRACT

statutory claim set forth herein, that they form part of the same case or controversy between the parties.

8. The Court's exercise of personal jurisdiction over Defendants is valid because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

10. On or about March 5, 2021, Plaintiff entered into a settlement agreement, via Stipulation, with Chase to settle her Chase account ending in 3463. A copy of the stipulation agreement memorializing the terms is attached hereto as **Exhibit A**.

11. Pursuant to the terms of the agreement, Plaintiff was required to make twenty-four (24) monthly payments totaling $14,000.00, with the first payment due by February 12, 2021.

12. Pursuant to the agreement, Plaintiff made five (5) monthly payments between February 12, 2021, through June 12, 2021, via an online portal on Moore's website. Proof of these payments is attached hereto as **Exhibit B**.

13. On June 26, 2021, Plaintiff's representative set up the remaining nineteen (19) payments for July 2021 through January 2023. Eighteen (18) of these payments posted pursuant to the agreement. Proof of these payments is attached hereto as **Exhibit C**.

14. In total, twenty-three (23) payments posted pursuant to the agreement. However, Moore failed to take the required actions to collect the penultimate payment, due in December

2022. By that time, the final settlement payment had already been made and received by Defendant Moore on January 12, 2023, such that all payments had been made save for the December 12, 2022 payment that Moore failed to collect.

15. Immediately after realizing the penultimate settlement payment, due in December 2022, had not been collected by Moore, Plaintiff's representative left a voicemail with Moore on January 16, 2023.

16. On January 17, 2023, Plaintiff's representative called Moore to discuss the account. Moore stated that due to the missed December 2022 payment, the settlement was void and the account required renegotiation. Plaintiff's representative advised Moore that the requisite funds were available for collection on December 12, 2022, but that Moore had not taken the required actions to collect the available funds. Plaintiff's representative requested Moore confirm the bank account information used to collect the payment and provide proof of a returned payment. Moore was unable to provide this documentation and stated they could only provide the payment history.

17. On January 19, 2023, Plaintiff's representative called Moore to discuss the account. Plaintiff's representative informed Moore that the bank processing Plaintiff's settlement payments advised that the December 12, 2022, payment was never collected by Moore nor returned. Plaintiff's representative requested that Moore provide a proof of returned payment or the payment history. Moore stated they could not provide proof of a returned payment, but that they would send the payment history. Plaintiff's representative requested to process the payment at this time to complete the settlement, but Moore refused stating that the settlement had been broken.

18. On March 3, 2023, Plaintiff's representative called Moore and reiterated that the requisite funds were available for collection for the December 12, 2022, settlement payment, but the payment was never collected by Moore nor returned. Plaintiff's representative again requested to process the payment at this time to complete the settlement, but Moore refused stating that the settlement had been broken.

19. On April 3, 2023, Plaintiff's representative called Moore and requested that Moore confirm the bank account information allegedly used by Moore in attempting to collect the December 12, 2022, payment. Moore was unable to confirm the full account or routing number, and could only confirm the last four digits of the account number.

20. On or about May 5, 2023, Plaintiff's representative spoke with an attorney at Moore about the account and requested to make the final settlement payment to complete the settlement agreement. Moore stated that they would further review the account.

21. On May 23, 2023, Moore emailed Plaintiff's representative stating that they were unable to reinstate the settlement agreement, and attempted to renegotiate the account with an offer of $4,800.00 payable in a lump sum. This email is attached hereto as **Exhibit D**.

22. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for federal law and Plaintiff's rights.

# COUNT 1

(Violation of the FDCPA)

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. The above contacts between Defendant Moore and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

26. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

27. Defendant Moore engaged in abusive, deceptive, and unfair collection practices where Moore failed to honor the valid settlement agreement made between Plaintiff and Defendant Chase.

28. Defendant Moore violated the above provisions where Moore unfairly failed to accept the December 12, 2022, payment as per the terms of the settlement agreement.

29. Defendant Moore violated the above provisions where Moore misrepresented the account balance by demanding a payment of $4,800.00 to close the account.

30. Defendant Moore knew or should have known that its actions violated the FDCPA. Additionally, Moore could have taken the steps necessary to bring its actions within compliance of the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

31. As a result of the above violations of the FDCPA, Defendant Moore is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## COUNT 2

(Violation of the Rosenthal Act)

32. Plaintiff hereby reasserts and incorporates herein by reference all facts and allegations set forth above.

33. It is the purpose of the Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act") to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified at CA CIVIL § 1788.1(b).

34. The term "debt collector" is defined as any person who, in the ordinary course of business, regularly, on the behalf of themselves or others, engages in debt collection. CA CIVIL § 1788.2(c).

35. Defendant Chase and Defendant Moore, and each of them, constitute "debt collectors" as defined by CA CIVIL § 1788.2(c).

36. The term "creditor" means a person who extends consumer credit to a debtor. CA CIVIL § 1788.2(i).

37. Defendant Chase is a "creditor" under CA CIVIL § 1788.2(i).

38. Defendant Chase's actions constitute a violation of the Rosenthal Act where Chase, through its agent Moore, unfairly failed to accept the December 12, 2022, payment as per the terms of the settlement agreement.

39. Defendant Chase's actions constitute a violation of the Rosenthal Act where Chase, through its agent Defendant Moore, misrepresented the account balance by claiming the settlement was void and required renegotiation.

COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL ACT, AND BREACH OF CONTRACT

40. Defendants Chase and Moore, and each of them, knew or should have known that their actions violated the Rosenthal Act. Additionally, Chase and Moore could have taken the steps necessary to bring their actions within compliance with the Rosenthal Act but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

41. As a result of the above violations, Defendants Chase and Moore, and each of them, are liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## COUNT 3
(Breach of Contract)

42. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

43. On or about February 5, 2021, Plaintiff entered into a settlement agreement, via Stipulation, with Chase to settle her Chase account ending in 3463.

44. Pursuant to the terms of the agreement, Plaintiff was required to make twenty-four (24) monthly payments, totaling $14,000.00, with the first payment due by February 12, 2021.

45. Pursuant to the agreement, Plaintiff made five (5) monthly payments between February 12, 2021, through June 12, 2021, via an online portal on Defendant Moore's website.

46. On June 26, 2021, Plaintiff's representative submitted the nineteen (19) remaining payments for July 2021 through January 2023. Eighteen (18) of these payments posted pursuant to the agreement.

47. In total, twenty-three (23) of the required twenty-four (24) payments posted pursuant to the agreement.

48. Defendant Chase's actions constitute a breach of contract when Moore, on Chase's

behalf, improperly failed to accept the December 12, 2022, payment as per the terms of the settlement agreement.

49. Defendant Chase's actions constitute a breach of contract where Chase's agent, Moore, attempted to renegotiate Plaintiff's account ending in 3463.

50. As a result of Defendant Chase's breach of contract, Plaintiff has suffered actual and monetary damages

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Karen Abegail L Tungol, demands that judgment be entered against the Defendants as follows:

1) That judgment be entered against Defendant Moore for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant Moore for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against Defendant Chase and Defendant Moore for actual damages pursuant to CA CIVIL § 1788.30(a);

5) That judgment be entered against Defendant Chase and Defendant Moore for statutory damages pursuant to California Civil Code § 1788.30(b);

6) That the Court award costs and reasonable attorney's fees and costs pursuant to CA CIVIL § 1788.30(c);

7)  That judgment be entered against Defendant Chase for actual and monetary damages accrued by Plaintiff as a result of Defendant Chase's breach of contract;

8)  That the Court grant such other and further relief as may be just and proper.

Dated:  May 30, 2022

                    Respectfully Submitted,

                    Stanley R. Apps, Esq.
                    Associate Attorney
                    Law Offices of Robert S. Gitmeid, P.C.
                    4424 Bellingham Avenue
                    Studio City, CA 91604
                    (310) 709-3966
                    Stanley.a@gitmeidlaw.com

                    Attorney for Plaintiff Karen Abegail L Tungol